UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAQUICE JONES,<br><br>            Plaintiff,<br><br>     v.<br><br>VALOR OCHOA, et al.,<br><br>            Defendants. | Case No. 1:21-cv-00038-EPG (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND<br><br>(ECF NO. 11) |

   Jaquice Jones ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.  On January 19, 2021, the Court issued a screening order.  (ECF No. 8).  In the screening order, the Court found "that the following claims should proceed past screening: Plaintiff's Eighth Amendment excessive force claim against defendants Ochoa, Perez, Avila, and Castillo; Plaintiff's Eighth Amendment failure to protect claim against defendant Gonzalez; and Plaintiff's First Amendment retaliation claim against defendants Ochoa, Perez, Avila, Castillo, and Gonzalez."  (Id. at 8).  Given Plaintiff's allegations regarding loss of Good Time Credits, the Court also cited to the favorable termination rule, but took no position on whether this action is barred by the favorable termination rule.  (Id. at n.4).

   On February 1, 2021, Plaintiff filed a motion for leave to amend.  (ECF No. 11).  Plaintiff asks that he be allowed to remove the following statement from claims 1-5: "I have been in the hole for 11 months and I lost 8 months of Good Time Credits.  The 8 month[s] was added on to my sentence." (Id. at 1).  Plaintiff also lodged a First Amended Complaint that

includes these changes.  (ECF No. 12).  Plaintiff states that he wants to make these changes to clarify that he is not asking this Court or a jury to grant his Good Time Credits back.

Courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).  "[T]his policy is to be applied with extreme liberality." Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990); see also Waldrip v. Hall, 548 F.3d 729, 732 (9th Cir. 2008).  "However, liberality in granting leave to amend is subject to several limitations.  Those limitations include undue prejudice to the opposing party, bad faith by the movant, futility, and undue delay." Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1058 (9th Cir. 2011) (citations and internal quotation marks omitted); see also Waldrip, 548 F.3d at 732.  "[T]he consideration of prejudice to the opposing party [] carries the greatest weight." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

Given the stage of this case, and that there appears to be no prejudice in allowing the amendment, the Court will grant Plaintiff's motion.[1]  As the change Plaintiff made to his complaint does not affect the analysis in the screening order regarding the cognizability of Plaintiff's claims, the Court adopts that analysis in full in this order, and will require Defendants to respond to Plaintiff's First Amended Complaint.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to amend is GRANTED;
2. The Clerk of Court is directed to file Plaintiff's First Amended Complaint (ECF No. 12);
3. This case continues to proceed on Plaintiff's Eighth Amendment excessive force claim against defendants Ochoa, Perez, Avila, and Castillo; Plaintiff's Eighth Amendment failure to protect claim against defendant Gonzalez; and Plaintiff's First Amendment retaliation claim against defendants Ochoa, Perez, Avila, Castillo, and Gonzalez; and

---

[1] While the Court is granting Plaintiff's motion to amend, the Court is not taking a position on whether this action is barred by the favorable termination rule.

      4.   Defendants will be required to respond to Plaintiff's First Amended Complaint.

IT IS SO ORDERED.

Dated: **February 3, 2021**          /s/ *Eric P. Grosjean*
                                                        UNITED STATES MAGISTRATE JUDGE