UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAQUICE JONES,<br><br>        Plaintiff,<br><br>    v.<br><br>VALOR OCHOA, et al.,<br><br>        Defendants. | Case No. 1:21-cv-00038-DAD-EPG (PC)<br><br>ORDER REQUIRING PARTIES TO EXCHANGE DOCUMENTS |

Jaquice Jones ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On May 6, 2021, the Court issued an order requiring the parties to file scheduling and discovery statements. (ECF No. 25). The parties have now filed their statements. (ECF Nos. 28 & 30).[1]

The Court has reviewed this case and the parties' statements.[2] In an effort to secure the

---

[1] Plaintiff filed a notice along with his statement. (ECF No. 29). In the notice, Plaintiff states that he tried multiple times to go to the law library, but was denied access. Plaintiff asks the Court to make a copy of Plaintiff's statement and fax it to Defendants and/or their attorneys.
    Plaintiff's request is DENIED as moot because Defendants' counsel received a copy of Plaintiff's statement when it was filed with the Court. (*See* ECF No. 3, p. 4 ("Once an attorney for a defendant appears in a pro se plaintiff's civil rights action (by filing an answer, a motion to dismiss, a motion for summary judgment, etc.), that attorney's office will receive notice of all filings through the Court's electronic filing system (ECM/ECF). A pro se plaintiff need not serve documents on counsel for a defendant; the date of the electronic Notice from ECM/ECF is the date of service.")).

[2] In Defendants' statement, Defendants state that the Court should consider consolidating this case with *Jones v. Herath-Randeny*, E.D. CA, 1:20-cv-01428, because *Jones v. Herath-Randeny* "concerns the medical treatment or evaluation that Licensed Vocational Nurse Herath-Randeny and Registered Nurse Camp provided following the use-of-force incidents that are at issue in this case." (ECF No. 28, p. 10). Additionally, "[b]oth cases are assigned to The Honorable Magistrate Judge Erica P. Grosjean, and both cases share the same defense

1

just, speedy, and inexpensive disposition of this action,[3] the Court will direct that certain documents that are central to the dispute be promptly produced.[4]

Accordingly, IT IS ORDERED that:

1. Each party has sixty days from the date of service of this order to serve opposing parties, or their counsel, if represented, with copies of the following documents and/or evidence that they have in their possession, custody, or control, to the extent the parties have not already done so:[5]

    a. All documents regarding the Rules Violation Report(s) associated with the incident(s) alleged in the complaint, including disciplinary charges and findings.

    b. Witness statements and evidence that were generated from investigation(s) related to the event(s) at issue in the complaint, such as an investigation stemming from the processing of Plaintiff's grievance(s).[6]

    c. Incident reports regarding the use of force incident(s) alleged in the complaint.

    d. Video recordings and photographs related to the incident(s) at issue in the complaint, including video recordings and photographs of Plaintiff

---

counsel." (*Id.* at 10-11). No party has moved for consolidation, and the Court will not consolidate the cases *sua sponte* at this time. However, the Court will set identical schedules in the cases.

[3] *See*, *e.g.*, *United States v. W.R. Grace*, 526 F.3d 499, 508-09 (9th Cir. 2008) ("We begin with the principle that the district court is charged with effectuating the speedy and orderly administration of justice. There is universal acceptance in the federal courts that, in carrying out this mandate, a district court has the authority to enter pretrial case management and discovery orders designed to ensure that the relevant issues to be tried are identified, that the parties have an opportunity to engage in appropriate discovery and that the parties are adequately and timely prepared so that the trial can proceed efficiently and intelligibly.").

[4] Advisory Committee Notes to 1993 Amendment to Federal Rules of Civil Procedure regarding Rule 26(a) ("The enumeration in Rule 26(a) of items to be disclosed does not prevent a court from requiring by order or local rule that the parties disclose additional information without a discovery request.").

[5] Defense counsel is requested to obtain these documents from Plaintiff's institution(s) of confinement. If defense counsel is unable to do so, defense counsel should inform Plaintiff that a third party subpoena is required.

[6] *See Woodford v. Ngo*, 548 U.S. 81, 94-95 (2006) ("[P]roper exhaustion improves the quality of those prisoner suits that are eventually filed because proper exhaustion often results in the creation of an administrative record that is helpful to the court. When a grievance is filed shortly after the event giving rise to the grievance, witnesses can be identified and questioned while memories are still fresh, and evidence can be gathered and preserved.").

taken following the incident(s).[7]

2. If any party obtains documents and/or other evidence described above later in the case from a third party, that party shall provide all other parties with copies of the documents and/or evidence within thirty days.

3. Parties do not need to produce documents or evidence that they have already produced.[8]

4. Parties do not need to produce documents or evidence that were provided to them by the opposing party.

5. Parties may object to producing any of the above-listed documents and/or evidence. Objections shall be filed with the Court and served on all other parties within sixty days from the date of service of this order (or within thirty days of receiving additional documents and/or evidence). The objection should include the basis for not providing the documents and/or evidence. If Defendants object based on the official information privilege, Defendants shall follow the procedures described in the Court's scheduling order. If a party files an objection, all other parties have fourteen days from the date the objection is filed to file a response. If any party files a response to an objection, the Court will issue a ruling on the objection.

IT IS SO ORDERED.

Dated: **July 9, 2021**              /s/ Erica P. Grosjean
                                      UNITED STATES MAGISTRATE JUDGE

---

[7] If Plaintiff is not allowed possess, or is unable to play, video recording(s), defense counsel shall work with staff at Plaintiff's institution of confinement to ensure that Plaintiff is able to view the video recording(s).

[8] For purposes of this discovery order only, parties do not need to produce documents or evidence that they already produced in *Jones v. Herath-Randeny*, E.D. CA, 1:20-cv-01428.