UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAQUICE JONES,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>VALOR OCHOA, et al.,<br><br>　　　　　　　　　　　Defendants. | Case No. 1:21-cv-00038-DAD-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR ISSUANCE OF SUBPOENA *DUCES TECUM*, WITHOUT PREJUDICE<br><br>(ECF No. 40) |

Jaquice Jones ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On October 12, 2021, Plaintiff filed a motion for the issuance of a subpoena *duces tecum*. Plaintiff asks for permission to subpoena a logbook from Kern Valley State Prison, so that he can identify a witness to his assault.

The Court will deny Plaintiff's motion, without prejudice. The Court informed Plaintiff that:

> If Plaintiff seeks documents from someone who is not a party in this case, Plaintiff must file a request for the issuance of a subpoena *duces tecum* with the Court. In any request for a subpoena, Plaintiff must: (1) identify the documents sought and from whom; (2) explain why the documents are relevant to the claims in this case; and (3) make a showing in the request that the records are only obtainable through a third party. If the Court approves the request, it may issue Plaintiff a *subpoena duces tecum*, commanding the production of documents from a non-party, and may command service of the subpoena by the United States Marshals Service. Fed. R.

1

Civ. P. 45; 28 U.S.C. 1915(d).  However, the Court will consider granting such a request *only if* the documents sought from the non-party are not obtainable from Defendant(s) through a Rule 34 request for production of documents.

(ECF No. 32, p. 4).

Plaintiff did identify the documents he is seeking and the entity he is seeking them from. He also explained why the documents are relevant.  However, he did not make a showing that the documents are only obtaining from a third-party.  Defendants have indicated that they do "not anticipate that Jones will need a third-party subpoena to obtain relevant documents from his institution" (ECF No. 28, p. 10), and there is no indication that Plaintiff first requested a copy of the logbook from Defendants.

Accordingly, IT IS ORDERED that Plaintiff's motion for the issuance of a subpoena *duces tecum* is DENIED, without prejudice to Plaintiff renewing the motion if Defendants respond to Plaintiff's discovery request for the logbook by stating that the logbook is not in their possession, custody, or control.[1]

IT IS SO ORDERED.

Dated:   **October 18, 2021**          /s/ Erica P. Grosjean
                                                        UNITED STATES MAGISTRATE JUDGE

---

[1] There is a pending motion to stay the case (ECF No. 35), but the Court has not yet issued findings and recommendations on the motion.