UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAQUICE JONES, | Case No. 1:21-cv-00038-DAD-EPG (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANTS' MOTION TO STAY BE GRANTED |
| v. | |
| VALOR OCHOA, et al., | (ECF No. 35) |
| Defendants. | |

Jaquice Jones ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This action is proceeding based on allegations that defendants Ochoa, Perez, Avilia, and Castillo assaulted Plaintiff on March 18, 2020,[1] that defendant Gonzalez failed to protect Plaintiff from the assault, that the assault occurred during a grievance interview and immediately after defendant Ochoa stated that Plaintiff is always complaining, and that all five defendants lied on their reports.  (ECF Nos. 8, 13, & 14).

On September 23, 2021, Defendants filed a motion to stay this case "pending resolution of Plaintiff's related criminal case: *People v. Jones*, Kern County Superior Court, Case No. DF015849A."  (ECF No. 35, p. 1).  On that same day Defendants filed a request for judicial

---

[1] Defendant Castillo allegedly assaulted Plaintiff twice on March 18, 2020.

notice.  (ECF No. 36).  On October 8, 2021, Plaintiff filed his opposition to Defendants' motion to stay.  (ECF No. 39).

For the reasons that follow, the Court will recommend that Defendants' motion to stay be granted.

## I.   MOTION TO STAY

### A.   <u>Defendants' Motion</u>

According to Defendants, "Jones claims that Officers Avila, Ochoa, Perez, and Castillo assaulted him during and after a cell extraction, and that Officer Gonzalez witnessed the assault and failed to intervene.  He also claims that Defendants lied in their reports, in retaliation for Jones filing grievances.  Jones, however, is currently being criminally prosecuted for battery on a peace officer for the very same incidents at issue in this lawsuit.  *People v. Jones*, Kern Co. Sup. Court, Case No. DF015849A."  (ECF No. 35-1, p. 1).

"Jones claims that Officers Ochoa, Perez, and Castillo assaulted him in his cell, and that Officers Perez, Avila, and Castillo slammed him on the ground during the escort following the incident; Officers Ochoa and Perez claim that Jones battered Officer Ochoa by pinning him on a bunk and punching him repeatedly in the face."  (<u>Id.</u> at 2) (citations omitted).

"A second incident occurred in the Facility A Program Office, while Jones was in a holding cell pending medical evaluation.  Jones claims that Officer Castillo yanked the chain attached to Jones' handcuffs through the cell's tray slot; Officer Castillo claims that Jones yanked Officer Castillo's hands through the tray slot as Castillo was attempting to remove Jones' handcuffs."  (<u>Id.</u>) (emphasis removed) (citations omitted).

"Jones is currently being criminally prosecuted for battery on a peace officer for the same incidents at issue in this lawsuit.  Specifically, Jones has been charged with two counts of battery by a prisoner on a non-prisoner for allegedly battering Officer Ochoa and Officer Castillo on March 18, 2020."  (<u>Id.</u> at 3) (citations omitted).

"The Court should stay this case pending resolution of Jones' criminal matter for four reasons.  First, if Jones is convicted in his criminal case, his claims here may be barred by the favorable termination doctrine of *Heck v. Humphrey*.  Second, even if *Heck* does not bar all of

Jones' claims, collateral estoppel may bar Jones from litigating certain factual issues that are decided in the criminal case.  Third, staying this case allows the parties to develop a factual record in the criminal case, which will save the parties from duplicating those efforts here.  Lastly, staying this case will avoid any Fifth Amendment issues that may arise if Jones asserts his privilege against self-incrimination during the discovery phase of this case."  (Id. at 2).

As to the factors laid out in Keating v. Office of Thrift Supervision, 45 F.3d 322, 324 (9th Cir. 1995), Defendants argue that the factors weigh in favor of staying the case.  (ECF No. 35-1, p. 7).

"Here, although Jones has an interest in pursuing this litigation before his criminal case is resolved, the other factors weigh in favor of staying the criminal matter, and the prejudice to Jones is slight."  (Id.).

"As to the prejudice against Jones: There are no concerns associated with the preservation of evidence in the civil case.  As noted, Defendants have already produced over 1,100 documents to Jones, including nearly 100 photographs, Plaintiff's Rules Violation Report, documents related to Plaintiff's criminal case, and his complete medical record.  Additionally, Jones' ability to obtain additional evidence, if any, will be protected by his *Brady* motion in his criminal case.  Further, if Jones is ultimately convicted, this case may be dismissed in part or in whole (due to *Heck*) regardless of whether it is stayed; if he is not convicted, the civil action will proceed, absent some other bar to suit."  (Id. at 8) (footnote, citations, and internal quotation marks omitted).

"As to the burden on Defendants: As noted, Defendants may be forced to litigate two cases simultaneously—as parties in this case, and as witnesses in the criminal case—if both cases are allowed to proceed.  Further, as noted above, Defendants may suffer evidentiary prejudice if Jones elects to assert his Fifth Amendment privilege during the discovery phase."  (Id.).

"As to the conservation of judicial resources: Staying this case will avoid the potential for duplicate discovery and, if necessary, the potential for two trials."  (Id.).

"Lastly, as to the interests of non-parties and the public: Although Jones has an interest

in prosecuting alleged violations of his own constitutional rights, the public also has an interest in prosecuting crime."  (Id.)

### B.  Plaintiff's Opposition

Plaintiff opposes the motion.  (ECF No. 39).  Plaintiff states that the criminal case was filed after he filed his civil case.  (Id. at 1).  Plaintiff believes that the filing of the criminal case is a delay tactic by Defendants and an attempt to undermine Plaintiff's due process rights.  (Id. at 1).  Plaintiff also believes that the criminal case is an attempt by Defendants to intimidate Plaintiff into pleading guilty in exchange for receiving lesser time.  (Id. at 2).  The charges were filed three days after defense counsel called Plaintiff to negotiate a settlement.  (Id.).  During the call, defense counsel asked Plaintiff if charges were filed against him.  (Id.).  Plaintiff argues that Defendants will not be affected by the process in the criminal case, other than two court dates.  (Id.).

### C.  Legal Standards

"The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings."  Keating v. Office of Thrift Supervision, 45 F.3d 322, 324 (9th Cir. 1995).  "In the absence of substantial prejudice to the rights of the parties involved, [simultaneous] parallel [civil and criminal] proceedings are unobjectionable under our jurisprudence."  Id. (alterations in original).  "Nevertheless, a court may decide in its discretion to stay civil proceedings … when the interests of justice seem [] to require such action."  Id. (alterations in original) (citations and internal quotation marks omitted).

"The decision whether to stay civil proceedings in the face of a parallel criminal proceeding should be made in light of the particular circumstances and competing interests involved in the case.  This means the decisionmaker should consider the extent to which the defendant's fifth amendment rights are implicated.  In addition, the decisionmaker should generally consider the following factors: (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient

use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation." Id. at 324-25 (citations and internal quotation marks omitted).

### D. Analysis

After weighing the Keating factors, the Court recommends that this civil case be stayed pending resolution of the criminal case.[2]

First, given the factual overlap between the criminal case and the civil case, it appears that Plaintiff's Fifth Amendment rights are implicated in this case and that the Fifth Amendment could be used to resist discovery. Accordingly, this factor weighs slightly in favor of a stay.[3]

As to the first Keating factor, while Plaintiff has an interest in the expeditious resolution of this action, Plaintiff has not pointed to any prejudice that he will suffer as a result of the stay. Moreover, any prejudice to Plaintiff is minimal given that both proceedings involve similar (if not identical) facts and witnesses, and it is unlikely that evidence will be lost or memories will fade with passage of time. See, e.g., McCormick v. Rexroth, 2010 WL 934242, at *3 (N.D. Cal. Mar. 15, 2010) ("the fact that the witnesses for the two proceedings are likely to include many of the same people providing much of the same testimony should reduce the danger that any testimony will be lost as a result of the stay."). Overall, the Court finds that this factor slightly weighs in favor of allowing this case to proceed.

As to the second factor, the burden on Defendants, Defendants may otherwise have to litigate a case that could be subject to a Heck bar defense. If the court in the criminal action considers Plaintiff's factual allegations regarding the alleged excessive force incidents, such

---

[2] The Court grants Defendants' unopposed request for the Court to take judicial notice of the docket from Plaintiff's criminal case, the criminal complaint against Plaintiff, Plaintiff's motion requesting evidence favorable to the accused, and Plaintiff's petition to proceed in propria persona (ECF No. 36). U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (Courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.") (citation and internal quotation marks omitted).

[3] The Court finds that this factor only slightly weighs in favor of a stay because, while Plaintiff did not address whether he would invoke his Fifth Amendment rights, it appears that Plaintiff is willing to testify as to what happened on the day in question (as Plaintiff filed a complaint that included allegations regarding what occurred on the day in question (ECF No. 8)).

findings may be binding in this Court.  See Wallace v. Kato, 549 U.S. 384, 394, (2007)) ("If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit."). Thus, this factor weighs in favor of staying this case.

As to the third factor, judicial efficiency, this factor also favors imposition of a stay because Plaintiff's criminal action involves many, if not all, of the same facts and some of the same issues.  Thus, it serves the interest of judicial economy for the Court to stay this case and not duplicate the work of the court considering Plaintiff's criminal case.  Additionally, due to a state of judicial emergency in the Eastern District of California (see, e.g., ECF No. 22), the judicial resources of District Judge Dale A. Drozd are limited.

As to the fourth factor and the fifth factor, the interests of persons not parties to the civil litigation and the interest of the public in the pending civil and criminal litigation, neither party has shown that these factors are implicated in any significant way.  Thus, the Court finds that these factors are neutral.

Plaintiff's arguments as to why this case should not be stayed are unavailing.  Plaintiff's main argument appears to be that the criminal case was filed to delay this case and to intimidate Plaintiff.  Plaintiff alleges that the criminal charges were filed on March 15, 2021, only three days after defense counsel called Plaintiff to negotiate a settlement and asked Plaintiff if charges were filed against him.  However, whether Plaintiff had a criminal case filed against him is relevant to potential settlement in this lawsuit.  Asking about it does not itself indicate an attempt to intimidate or an improper motive.  Moreover, the criminal complaint was filed by the Kern County District Attorney's Office, not by defense counsel.  (ECF No. 36, p. 7).  There is no indication that it was filed solely to improperly delay this litigation.

Plaintiff also argues that a stay would undermine his due process rights, but Plaintiff does not explain how.  Plaintiff will have a chance to fully litigate his criminal case, and after the criminal case ends, this case will proceed, subject to arguments related to the Heck bar and issue preclusion.

After weighing the factors, the Court recommends staying this case pending resolution

of the criminal case.  <u>See also</u> <u>Wallace</u>, 549 U.S. at 393-94 (2007) ("If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended."); <u>Peyton v. Burdick</u>, 358 F. App'x 961, 962 (9th Cir. 2009) ("Because Peyton's claims implicate rulings that are likely to be made in the pending state court criminal proceeding, the district court should have stayed the section 1983 action until the criminal case ... is ended.") (alteration in original) (citations and internal quotation marks omitted).

## II.   RECOMMENDATIONS

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. This case be STAYED pending resolution of the related state criminal proceeding and until further order of the Court; and

2. Defendants be required to file a status report within fourteen days after the criminal case is resolved, or one year after the date of the stay, whichever is earlier.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within twenty-one (21) days after being served with these findings and recommendations, any party may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen (14) days after service of the objections.

\\\
\\\
\\\
\\\

7

The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 9, 2021**                    /s/ Erica P. Grosjean

                                                 UNITED STATES MAGISTRATE JUDGE