1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JAQUICE JONES,

Plaintiff,

v.

VALOR OCHOA, et al.,

Defendants.

Case No. 1:21-cv-00038-DAD-EPG (PC)

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

(ECF No. 44)

Jaquice Jones ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On September 28, 2021, Defendants filed an objection to producing certain documents that the Court ordered them to produce.  (ECF No. 38).  On October 19, 2021, Plaintiff filed a motion requesting that the Court reconsider its order denying Plaintiff a copy of the witness statements.  (ECF No. 44).

As to Plaintiff's motion for reconsideration, Plaintiff misunderstands what occurred.  Plaintiff states that he received an order from the Court stating that "(1) the Confidential Supplement shall be redacted sufficient to obscure the statements made by inmate witnesses; (2) Plaintiff may review the Confidential Supplement, but may not possess a copy of the document."  (ECF No. 44, p. 1).  Plaintiff notes that the order was not signed or dated, and that the certificate of service is signed by an employee of the Office of the Attorney General.

The reason the order is not dated or signed, and that the certificate of service was signed by an employee of the Office of the Attorney General, is that the order Plaintiff received is a proposed order. That is, it is an order that defense counsel wants the Court to issue. The order was not issued by the Court, and the Court has not yet ruled on Defendants' objection. Thus, there is nothing for the Court to reconsider.

As to Defendants' objection, the Court has issued findings and recommendations, recommending that Defendants' motion to stay be granted. (ECF No. 45). Therefore, the Court will not address Defendants' objection until the case resumes or the district judge declines to adopt the findings and recommendations. While the Court is denying Plaintiff's motion for reconsideration, to the extent the filing includes Plaintiff's response to Defendants' objection, the Court will consider it when ruling on Defendants' objection.[1]

Based on the foregoing, IT IS ORDERED that Plaintiff's motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated:   **November 10, 2021**                  /s/ _Erica P. Grosjean_
                                                UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff's motion for reconsideration also includes allegations unrelated to Defendants' objection, including that Plaintiff is worried about his safety because a non-defendant was given information about this case, that Plaintiff is worried that Defendants are using California Department of Corrections and Rehabilitation ("CDCR") resources to spy on Plaintiff, that the proposed order was opened by prison staff, and that prison staff are not properly processing mail sent to Plaintiff by his family.

Plaintiff has not submitted any evidence to suggest that he is in danger or that he is unable to prosecute this case due to interference from prison staff. There is also no evidence that Defendants are using CDCR resources to spy on Plaintiff (the order that was opened by CDCR staff was sent by Defendants and is publicly accessible on the Court's docket). The Court also notes that, even if the order were sent by the Court, it would not constitute legal mail. "Mail from the courts, as contrasted to mail from a prisoner's lawyer, is not legal mail." Hayes v. Idaho Corr. Ctr., 849 F.3d 1204, 1211 (9th Cir. 2017) (citation and internal quotation marks omitted). As to Plaintiff's allegations that mail from his family is not being processed correctly, those allegations have no relationship to the claims proceeding in this case. If Plaintiff believes his rights are being violated by non-defendants, he may file a separate lawsuit.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28