# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAQUICE JONES, | Case No. 1:21-cv-00038-DAD-EPG (PC) |
|        Plaintiff, | |
| | ORDER RE: EVIDENCE WITHHELD ON THE BASIS OF THE OFFICIAL INFORMATION PRIVILEGE |
|    v. | |
| VALOR OCHOA, et al., | (ECF No. 38) |
|        Defendants. | |

Jaquice Jones ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.[1]

Before the Court is Defendants' objection to production of evidence, pursuant to the official information privilege. (ECF No. 38).

The Court has reviewed the filings and the applicable law, and as discussed in more detail below, finds that Defendants may redact certain portions of the Confidential Supplement to Appeal. Additionally, the Court will grant Defendants' request to only allow Plaintiff to view the document via a request to the Litigation Coordinator.

## I.    BACKGROUND

This case proceeds on Plaintiff's Eighth Amendment excessive force claim against defendants Ochoa, Perez, Avila, and Castillo; Plaintiff's Eighth Amendment failure to protect claim against defendant Gonzalez; and Plaintiff's First Amendment retaliation claim

---

[1] This case was stayed on January 24, 2022. (ECF No. 47). The stay was lifted on June 8, 2022. (ECF No. 49).

against defendants Ochoa, Perez, Avila, Castillo, and Gonzalez.  (ECF Nos. 8, 13, & 14).
Plaintiff generally alleges that defendants Ochoa, Perez, Avila, and Castillo attacked him, that
defendant Gonzalez failed to protect Plaintiff from the attack, and that the attack and failure to
protect occurred because Plaintiff filed grievances.  Defendants also falsified reports related to
the attack.

On July 9, 2021, the Court issued an order requiring the parties to exchange documents.
(ECF No. 31).  As relevant here, the Court directed the parties to exchange "[w]itness
statements and evidence that were generated from investigation(s) related to the event(s) at
issue in the complaint, such as an investigation stemming from the processing of Plaintiff's
grievance(s)."  (Id. at 2) (footnote omitted).

On September 28, 2021, Defendants filed an objection.  (ECF No. 38).  "Specifically,
Defendants assert that production of the Confidential Supplement to Appeal that relates to
Plaintiff's inmate appeal, log number KVSP-O-20-01199 would jeopardize the safety and
security of the Kern Valley State Prison.  Defendants assert that these documents are
maintained as confidential and are subject to the official information privilege."  (Id. at 2).
Defendants ask to be allowed to provide a redacted version of the document to Plaintiff.  (Id.).
Defendants also ask the Court to allow Plaintiff to view the redacted document, but that he not
be allowed to keep a copy.  (Id. at 3-4).

On October 19, 2021, Plaintiff filed his response to Defendants' objection.  (ECF No.
44).[2]  Plaintiff argues that he should be given all witness statements and evidence that were
generated from the investigation.  (Id. at 3).  Plaintiff also alleges that the litigation coordinator
opened his mail, and states that he does not want to have to contact the litigation coordinator to
view the document.  (Id.).

Both an unredacted copy of the Confidential Supplement to Appeal and a copy with the
proposed redactions have been submitted to the Court for *in camera* review.

---

[2] Plaintiff included objections in his motion for reconsideration.  (ECF No. 44).  The Court denied
Plaintiff's motion, but noted that "to the extent the filing includes Plaintiff's response to Defendants' objection, the
Court will consider it when ruling on Defendants' objection."  (ECF No. 46, p. 2) (footnote omitted).

## II.    LEGAL STANDARDS

Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1).  "Information within this scope of discovery need not be admissible in evidence to be discoverable."  Id.

The "common law governmental privilege (encompassing and referred to sometimes as the official or state secret privilege) … is only a qualified privilege, contingent upon the competing interests of the requesting litigant and subject to disclosure…."  Kerr v. U.S. Dist. Ct. for N. Dist. of Cal., 511 F.2d 192, 198 (9th Cir. 1975) (citations omitted).  The Ninth Circuit has since followed Kerr in requiring *in camera* review and a balancing of interests in ruling on the government's claim of the official information privilege.  See, e.g., Breed v. U.S. Dist. Ct. for N. Dist. of Cal., 542 F.2d 1114, 1116 (9th Cir. 1976) ("[A]s required by Kerr, we recognize 'that in camera review is a highly appropriate and useful means of dealing with claims of governmental privilege.'") (quoting Kerr v. U. S. Dist. Ct. for N. Dist. of Cal., 426 U.S. 394, 406 (1976)); Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033-34 (9th Cir. 1990), as amended on denial of reh'g (Feb. 27, 1991), as amended on denial of reh'g (May 24, 1991) ("Government personnel files are considered official information.  To determine whether the information sought is privileged, courts must weigh the potential benefits of disclosure against the potential disadvantages.  If the latter is greater, the privilege bars discovery.") (citations omitted).

## III.    ANALYSIS

The Court has reviewed the filings, including the unredacted and the redacted copy of the Confidential Supplement to Appeal, as well as the applicable law.  The Court finds that Defendants may withhold the redacted information pursuant to the official information

privilege because the concerns regarding safety and security of the institution outweigh the relevance of the material in this case.

Defendants request to redact the statements given by two inmate witnesses, as well as part of the ultimate conclusion. According to the declaration of B. Hancock, the Litigation Coordinator at Kern Valley State Prison, "there are acute safety and security concerns regarding the disclosure of inmate witness testimony. The two inmate witnesses who were interviewed in relation to this matter remain housed at KVSP, where Plaintiff is also housed. These inmate-witnesses could be subject to reprisals if the statements that they made to correctional staff were disclosed." (ECF No. 38-1, p. 3). Given these safety and security concerns, as well as that the fact that the statements appear to have little probative value, the Court will allow Defendants to redact the statements by both inmates, as well as the inmates' names and identifying information.

As to the ultimate conclusion, the Court finds that ultimate conclusions reached by prison staff regarding whether Defendant(s) used excessive force on Plaintiff have little, if any, relevance to this case because that question is one for the jury and the conclusion of the prison factfinder(s) is not relevant and will likely be subject to exclusion in any event.

Accordingly, the Court will grant Defendants' request to redact the statements given by two inmate witnesses, as well as at least part of the ultimate conclusion.

Additionally, given the sensitivity of the information in the Confidential Supplement to Appeal, the Court will grant Defendants' request to only allow Plaintiff to view the document via a request to the Litigation Coordinator. As to Plaintiff's allegation that the Litigation Coordinator opened Plaintiff's mail, as the Court noted when ruling on Plaintiff's motion for reconsideration, "[t]here is also no evidence that Defendants are using CDCR resources to spy on Plaintiff (the [proposed] order that was opened by [the Litigation Coordinator] was sent by Defendants and is publicly accessible on the Court's docket)." (ECF No. 46, p. 2 n.1).

While the Court is not currently allowing Plaintiff to keep a copy of the Confidential Supplement to Appeal, nothing in this order prevents Plaintiff from requesting a copy of the redacted Confidential Supplement to Appeal for good cause, for example, to submit as

evidence in this case.

**IV.     ORDER**

Based on the foregoing, IT IS ORDERED that:

1. Defendants may redact the following information from the Confidential Supplement to Appeal:

   a.   The statements given by the two inmate witnesses;

   b.   The names of the inmate witnesses, as well as their identifying information; and

   c.   The ultimate conclusion of the factfinder(s).

2. Plaintiff may review the redacted Confidential Supplement to Appeal, but may not possess a copy of the document.  Plaintiff may submit a written request to the Litigation Coordinator at his institution of confinement to review the document, and such a request will be accommodated at the earliest reasonable opportunity that does not otherwise interfere with the programming or security of the institution.[3]

3. Defense counsel shall provide the redacted Confidential Supplement to Appeal, marked AGO PRIV 0001-0012, as well as a copy of this order, to the Litigation Coordinator at Plaintiff's institution of confinement.  The Litigation Coordinator shall inform Plaintiff when the document is available for Plaintiff's review. This shall occur no later than thirty days from the date of service of this order.

\\\
\\\
\\\
\\\
\\\
\\\

---

[3] As discussed above, nothing in this order prevents Plaintiff from requesting a copy of the redacted Confidential Supplement to Appeal for good cause.

4. During the pendency of this action, if Plaintiff is transferred to a different institution within the California Department of Corrections and Rehabilitation, upon a written request by Plaintiff, defense counsel shall provide the Litigation Coordinator at Plaintiff's new institution with a copy of the redacted Confidential Supplement to Appeal, as well as a copy of this order.

IT IS SO ORDERED.

Dated:   **June 15, 2022**                    /s/ Erica P. Grosjean

UNITED STATES MAGISTRATE JUDGE